NATIONAL SUGAR MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10605.    Promulgated June 28, 1927.

Petitioner in year 1917 purchased its own bonds for less than the amount for which they had been issued. *Held*, that it realized no taxable gain from the transaction.

*R. Dorsey Watkins, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

This proceeding results from the determination of a deficiency for the year 1917, in the amount of $4,127.28. The parties filed a stipulation concerning the facts and our findings of fact conforms to the stipulation.

### FINDINGS OF FACT.

Petitioner is a corporation organized and existing under the laws of the State of Colorado, with principal offices at 708–710 Equitable Building, Baltimore, Md. Petitioner, in the year 1917, purchased for retirement, $50,000 face value of its second mortgage (4 per cent income) bonds, for $33,333.33, and reported the difference between the par value and the purchase price ($16,666.67) as income for that year. The respondent has treated the amount of $16,666.67 as taxable income for the year 1917. There was also reported as taxable income in the year 1917 and so treated by respondent, an item of

$600, representing the difference between the par value and the purchase price of petitioner's first mortgage bonds purchased for retirement during the year 1917.

OPINION.

MILLIKEN: The sole issue relates to the inclusion in income for the year 1917, of the purported gain realized from the purchase and retirement by petitioner of its own bonds. Upon the authority of the decisions in the *Appeals of Independent Brewing Co.*, 4 B. T. A. 870, and *New Orleans, Texas & Mexico Ry. Co.*, 6 B. T. A. 436, and *Houston Belt & Terminal Ry. Co.* v. *Commissioner*, 6 B. T. A. 1364, the inclusion in income of the amount set forth in the findings of fact was in error.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*

STERNHAGEN, dissenting: In dissenting as I did from the *Independent Brewing Co.* and other cases cited, I refrained from stating the reasons for my dissent largely because I did not know the extent to which the decisions would be regarded as announcing a principle, and if confined within the scope of their own facts it seemed without sufficient importance to justify discussion. But the succinct statement in the foregoing opinion of the principle which it is said has become established law, leads me to express more fully my views.

It will be noted that the facts stated are simply that the petitioner in 1917 retired $50,000 of its bonds for $33,333.33 and originally reported the difference of $16,666.67 as income. None of the circumstances of the underlying transaction are revealed, so we may reasonably assume that the $50,000 was actually borrowed. So far as we know, the $50,000 may have been borrowed in cash within the same or the preceding year. I assume this to illustrate what I regard as the error of the decision. Indeed, in the *N. O., T. & M. Ry. Co.* case, 6 B. T. A. 436, the period was almost as short as this. I take it that the fact that the debt was evidenced by bonds instead of notes or open account is not significant. Hence it follows that one who, not being on the receipts basis, incurs a deductible obligation such as for the purchase of stock in trade, and shortly thereafter in the following year discharges that obligation either to the original obligee or his assignee, for less than its face amount, escapes tax upon the difference because it is said to be not a "gain." Surely if one borrows $100 and uses it in business, and shortly thereafter acquits himself of the obligation by paying $50, both "the man on the street" and the economist will recognize a gain. But under the law no income can be derived at the time of borrowing although it is then that the actual receipt occurs. It is only when the payment is made in discharge that the gain can be realized.

I have given a bald illustration, but it seems to me to be within the principle so broadly laid down by the majority. Of course there will be cases which upon their own facts should properly escape tax because, all things considered, no income can be found. But I see nothing peculiar in this case. It is a pure case, which is decided on a principle.

This principle is said to come from the Supreme Court's decision in *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170; 5 Am. Fed. Tax Rep. 6014, but I see no reason to give that decision such a broad significance. I confess that a refined analysis of that decision gives some authority for the principle stated, but the court was undoubtedly influenced to a substantial extent by the equitable consideration that at the time the tax was sought to be imposed, " the result of the whole transaction was a loss," and " the fact that the borrowed money was lost, and that the excess of such loss over income was more than the amount borrowed." The opinion concludes with the statement that " the mere diminution of loss is not gain, profit or income." This is far from saying that the diminution of liability in a going business is not gain, and I can not believe that the Supreme Court intended to have its decision so understood.

When the statute expressly taxed all gains and income from whatever source, and intended thereby to use the constitutional power to the full extent, it seems to me to have been broad enough to include such a gain as this and tax it at the only time when it is realized.

SMITH concurs in the dissent.