SIMMONS GIN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21523. Promulgated May 29, 1929.

*Charles H. Garnett, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

794

OPINION.

GREEN: The principal question involved in this proceeding is whether the forgiveness of indebtedness in the amount of $119,927.24 should be included in the gross income of the petitioner for the fiscal year ended April 30, 1922. The petitioner contends that the amount forgiven does not constitute income within the meaning of that

term as used in the Sixteenth Amendment to the Constitution of the United States. The respondent asserts the converse. The facts and surrounding circumstances are set out in our findings.

We held in the *Appeal of Meyer Jewelry Co.*, 3 B. T. A. 1319, on facts substantially identical with the facts in this case, that the amount of indebtedness canceled by the creditors of an insolvent person did not constitute income to the debtor. In that case, after reviewing the law applicable thereto, we said:

> Now to apply the tests as laid down by the courts to facts in the instant appeal. The evidence is clear that it was not compensation for services; it can not be considered as income from a business entered into for profit, and there is no element to identify it as a gain which was derived from capital, or from labor, or from a combination of both. It is true, the taxpayer has been relieved from paying an amount to its creditors by their common consent, an amount which the evidence shows it could not have in fact paid whether voluntarily relieved of payment or not. Its balance sheet will disclose a more favorable financial condition, but "enrichment through increase in value of capital investment is not income in any proper meaning of the term." *Eisner v. Macomber, supra.* That the taxpayer received a benefit in the sense of being able to continue its business, may be conceded, but such an opportunity can not constitute a gain or income, within the meaning of the Constitution and the Revenue Acts. It is not believed that relief from paying an obligation, under the circumstances set forth in this case, constitutes income, and it is our opinion that is not taxable under the statute.

Subsequent to our decision in *Meyer Jewelry Co., supra*, the United States Supreme Court in *Bowers v. Kerbaugh-Empire Co.*, 271 U. S. 170, held that where a borrower, whose obligation was payable in German marks, repaid at a time when the marks had fallen in value, and the whole transaction for which the money was borrowed resulted in a loss, the borrower realized no taxable income. See, also, *Independent Brewing Co.*, 4 B. T. A. 870; *National Sugar Manufacturing Co.*, 7 B. T. A. 577; and *Douglas County Light & Water Co.*, 14 B. T. A. 1052, which cases stand for the proposition that a corporation realizes no taxable income on the purchase and retirement of its own bonds at less than par.

In the recent case of *John F. Campbell Co.*, 15 B. T. A. 458, the petitioner there, in 1920, became indebted to two creditors for goods purchased in the amounts of $24,700 and $114,200, respectively. In 1921 the creditors forgave and canceled $50,087.51 of the indebtedness incurred the previous year. The petitioner there also reported a net loss of $50,545.64 and contended that such net loss should be allowed as a deduction from the net income of the two following years. In sustaining the petitioner's contention we said in part that, "As we view this proceeding, the facts are not distinguishable from those in *Meyer Jewelry Co., supra*, and our conclusion must be the same as in that case."

In the instant case the respondent, in his deficiency letter, stated: " It is noted that in the Meyer Jewelry case, all the creditors entered into the agreement, whereas in the case of your corporation, only comparatively few of the principal creditors entered into the agreement to forgive and cancel the indebtedness." This distinction was again emphasized by respondent's counsel at the hearing. In the first place, the fact element of the distinction is not correct, as over 97 per cent of *all* the petitioner's creditors, both secured and unsecured, entered into the July 1, 1921, agreement. But we do not consider the distinction material. We think the question at issue has already been decided by us in the *Meyer Jewelry* and *Campbell* cases, *supra,* and, accordingly, hold that the respondent committed error in including the item of $119,927.24 in the petitioner's gross income for the fiscal year ended April 30, 1922.

The petitioner concedes that, if it is not required to include in its gross income for the fiscal year ended April 30, 1922, the preceding item of $119,927.24, then, and in that event, it is not entitled, under section 204(a)(5) of the Revenue Act of 1921, to any allowance for depletion based upon discovery value for that year. In view of our decision on the principal question, this issue disappears. It would only have become material had we decided the principal question adversely to the petitioner as the respondent had determined a net income for the fiscal year 1922 of $6,348.14, without allowing the petitioner the depletion based upon discovery value which it sustained in that year, in the amount of $1,341.80.

The last issue relates to the deduction from the net income of the fiscal years ended April 30, 1923 and 1924, the net losses sustained during the two preceding years. In accordance with section 204 (d) of the Revenue Act of 1921, the petitioner is only entitled to the benefits of four-twelfths of the net loss for the fiscal year ended April 30, 1921, or $44,109.56. This amount, plus the net loss of $113,579.10 for the fiscal year ended April 30, 1922, eliminates entirely the net income of $54,970.69, for the fiscal year ended April 30, 1923, and leaves $102,717.97 to be deducted under section 206 (e) of the Revenue Act of 1924, from the net income of $17,534.56 for the fiscal year ended April 30, 1924.

It is apparent, from the foregoing, that there is no net income subject to tax for any of the years in question. It follows that the determination of the deficiencies by the respondent was in error. The petitioner is not asking for any refund, as it has paid no Federal income taxes for the years involved.

*Judgment of no deficiency will be entered for the petitioner.*