*422 OPINION.
SteRNIiagen:
It is not clear from the original and amended pleadings or from the petitioner’s brief just what the issues are as finally submitted for decision. We have interpreted them to be the following and dispose of them accordingly.
1. The respondent has added to petitioner’s gross income an item of $102,019.52 designated in the notice of deficiency as “Profit on Exchange.” This is the amount described in section 13 of the stipulation of facts. It results from converting the proceeds in dollars of matured loans into guilders, subtracting therefrom the number of guilders originally represented by the loan, converting the remaining guilders into dollars and treating the amount as gain. This was in our opinion error. The original loans amounted to $445,000 and this was the amount repaid. To this extent there was neither gain nor loss. Dollars were loaned and dollars were repaid and at that time the gain or loss appeared. It will not do to whipsaw the taxpayer by computing the original loan in dollars when guilders were high and then using the depreciated guilder at the time of repayment to find a gain. The fact that when repaid the *423 $445,000 could buy more guilders in 1920 than in the earlier years of loan is no more significant than if more commodities could be bought with it. The measure of income is the United States dollar and not the foreign money which at a given time it may be used to buy.
2. The respondent added to petitioner’s income $10,317, designated as ££ Profit on debenture notes.” This is the item covered by section 11 of the stipulation. Although the facts are not complete or the meaning of the stipulated section entirely clear, it appears from the briefs that the issue is whether the difference of $10,317 between the face value of debentures originally issued by petitioner at par and the lower prices paid by petitioner in their repurchase in 1920 is income in 1920.
Following National Sugar Manufacturing Co., 7 B. T. A. 577, the Board holds that the amount is not income and that respondent erred in treating it as if it were.
3. From the foregoing it appears that instead of gross income of $370,994.68, as determined by respondent, the gross income from all sources is $258,658.16, of which $255,364.54 was from sources within the United States and $3,293.62 was from sources without the United States. (In the state of the record, we will not undertake to account for inconsequential discrepancies appearing in the stipulation.)
In accordance with Bevenue Act of 1918, section 234(b), petitioner is entitled to deductions “ to the extent that they are connected with income arising from a source within the United States; and the proper apportionment and allocation of the deductions with respect to sources of income within and without the United States shall be determined under rules and regulations prescribed by the Commissioner with the approval of.the Secretary.” The respondent, purporting to act under this section, prorated the expenses shown by section 6 of the stipulation on a percentage basis, treating the foregoing two items of $102,019.52 and $10,317 as foreign income. Since by our decision these items are eliminated from the gross income, it would appear that satisfactory adjustment can be made by the parties of the deductions, and we therefore omit this from present consideration.
The question of special assessment has been expressly reserved under Buie 62 for further hearing. In the event further hearing is necessary the proceeding will be placed on the day calendar upon motion.